UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SANFORD MEDICAL CENTER, | CIV. 11-4006 |
| Plaintiff, | |
| vs. | **AMENDED COMPLAINT** |
| CIGNA HEALTHCARE, | |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff Sanford Medical Center ("Sanford") states as its Amended Complaint against CIGNA Healthcare ("CIGNA") the following:

**JURISDICTION AND VENUE**

1. Sanford is a South Dakota non-profit corporation with its principal place of business in Minnehaha County, South Dakota.

2. This case arises under the federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et seq.*, therefore, jurisdiction is proper under 28 U.S.C. § 1331.

3. Jurisdiction is also proper for Sanford's state law claims under 28 U.S.C. § 1367.

4. Venue is proper in this district, because Sanford resides in the Southern Division of the District of South Dakota and the events related to this case occurred in the Southern Division of the District of South Dakota.

5. The State of South Dakota has personal jurisdiction over CIGNA because CIGNA: (a) transacted business in South Dakota from which this lawsuit arises; (b) contracted to insure persons within South Dakota; and (c) committed acts subjecting them to the jurisdiction of

South Dakota in a manner not inconsistent with the Constitution of South Dakota or with the Constitution of the United States.

## COUNT I: AUGUST 2009 DISPUTE

6. Sanford incorporates by reference all allegations contained in its Amended Complaint.

7. On August 24, 2009, Sanford provided medical care and medical services to the patient with the initials TLB (CIGNA group number ending in '7608, CIGNA ID number ending in '6502, CIGNA Service Request Number 1-3131959954, and Sanford account number ending in '0328).

8. TLB is an insured, participant, or beneficiary under a health insurance plan ("the Plan") issued by CIGNA.

9. Under the Plan, CIGNA failed to pay the entire balance due for the services Sanford provided to TLB on August 24, 2009, related to the following: procedure code 22899, insertion of posterior spinous process distraction device (including necessary removal of bone or ligament for insertion and imaging guidance), lumbar; single level and procedure code C1821, interspinous process distraction device (implantable); the procedure and related device from the August 24, 2009, surgery has also been referred to as X-STOP Interspinous Process Decompression System.

10. CIGNA's refusal to pay the entire balance due is not allowed under the terms of the Plan or the law, and its refusal to pay is a breach of the Plan and a violation of the law.

11. CIGNA has acted arbitrarily, capriciously, and without justification in denying benefits to Sanford for the medical care and services Sanford provided to TLB.

12. CIGNA's basis for denial, specifically that the medical procedure, device, or surgery at issue is "experimental/investigational/unproven," is not supported by the medical evidence, the plan documents, or the law. Sanford submitted information (including medical bills, medical records, medical literature, information from the operating orthopedic surgeon, and other information) to CIGNA in support of its claim. To review the appropriateness of the orthopedic surgery, CIGNA chose to have a family medicine doctor perform the review who is not qualified to contradict the information submitted by Sanford. CIGNA paid the direct physician charges associated with the surgery at issue, but denied payment of hospital charges to Sanford on the basis that the medical procedure, device, or surgery is "experimental/ investigational/unproven." CIGNA's has no valid basis for denying benefits and its decision violates the Plan, the law, and is otherwise arbitrary, capricious, clearly erroneous, and unsupportable.

13. CIGNA violated or failed to fulfill its disclosure obligations under 29 C.F.R. § 2560.503-1(g), therefore: (1) all administrative remedies are deemed exhausted; (2) CIGNA's benefits determination is not entitled to a deferential standard of review; and (3) the Court is entitled to review whether Sanford is entitled to payment based on a de novo review.

14. CIGNA has waived all reasons for denying payment other than those already asserted by CIGNA.

15. Sanford is a participant or beneficiary for purposes of 29 U.S.C. § 1132 under the Plan by virtue of Sanford's entitlement to direct payment from CIGNA, and due to an assignment executed by TLB in favor of Sanford.

16. Sanford is entitled to payment of benefits under the Plan, to enforce its rights under the terms of the Plan, and to obtain other appropriate equitable relief under 29 U.S.C. § 1132.

17. Under the Plan, CIGNA is required to provide benefits to Sanford for the amount charged for medical care and services performed.

18. All of the medical bills at issue incurred by TLB are covered under the Plan and should be paid in full according to the terms of the Plan.

19. Sanford is entitled to recover benefits from the Plan in the amount of $30,470.67 under 29 U.S.C. § 1132(a)(1)(B).

20. CIGNA possesses benefits that rightfully belong to Sanford and Sanford seeks equitable relief, including, among other forms of relief, restitution, in the form of an order requiring CIGNA to deliver to Sanford all benefits owed to cover unpaid services provided to TLB pursuant to the Plan.

21. Sanford has previously sought the foregoing compensation by appealing to CIGNA through CIGNA's internal appeal review process and CIGNA's appeals procedure.

22. Sanford has exhausted all required appeals and administrative remedies.

23. It would be futile for Sanford to exhaust any additional appeals or administrative remedies.

24. Sanford is entitled to a judgment against CIGNA in an amount to be proven at trial as set forth in this Amended Complaint.

25. Sanford is entitled to recover its attorney's fees under 29 U.S.C. § 1132(g).

26. Sanford is entitled to prejudgment interest at the maximum rate allowed by law.

27. To the extent this insurance dispute is not governed by ERISA, Sanford asserts the following:

  a. CIGNA has a contractual obligation to provide all additional and unpaid benefits to Sanford for services Sanford provided to TLB.

  b. Sanford is a third-party beneficiary under the Plan.

  c. Sanford is an assignee of the benefits TLB is entitled to receive from CIGNA for services Sanford provided to TLB.

  d. CIGNA has breached its contract to provide additional benefits in the amount owed for all medical care and services provided by Sanford to TLB.

  e. CIGNA breached its duty to deal with TLB and Sanford in good faith and CIGNA is liable for punitive damages for its bad faith denial of benefits.

  f. CIGNA is liable for attorney's fees for its vexatious refusal to pay additional benefits under SDCL 58-12-3.

## COUNT II: JUNE 2010 DISPUTE

28. Sanford incorporates by reference all allegations contained in its Amended Complaint.

29. From June 7, 2010, through June 24, 2010, Sanford provided medical care and medical services to the patient with the initials TLB (CIGNA group number ending in '7608, CIGNA ID number ending in '6502, and Sanford account number ending in '7998).

30. TLB is an insured, participant, or beneficiary under a health insurance plan ("the Plan") issued by CIGNA.

31. Under the Plan, CIGNA failed to pay the entire balance due for the services Sanford provided to TLB from June 7, 2010, through June 24, 2010.

32. CIGNA's refusal to pay the entire balance due is not allowed under the terms of the Plan or the law, and its refusal to pay is a breach of the Plan and a violation of the law.

33. CIGNA has acted arbitrarily, capriciously, and without justification in denying benefits to Sanford for the medical care and services Sanford provided to TLB.

34. CIGNA's basis for denial, specifically that Sanford's charges exceed usual, customary, and reasonable rates, is not supported by the medical evidence, the plan documents, or the law. Sanford submitted information (including medical bills, medical records, medical literature, and other information) to CIGNA in support of its claim. CIGNA's has no valid basis for denying benefits and its decision violates the Plan, the law, and is otherwise arbitrary, capricious, clearly erroneous, and unsupportable.

35. CIGNA accessed Sanford through a preferred provider network. Despite using the preferred provider network, CIGNA failed to pay benefits at the level required by the network rules and procedures, which is arbitrary, capricious, clearly erroneous, unreasonable, unlawful, and not supported by the Plan, the law, or network rules.

36. CIGNA violated or failed to fulfill its disclosure obligations under 29 C.F.R. § 2560.503-1(g), therefore: (1) all administrative remedies are deemed exhausted; (2) CIGNA's benefits determination is not entitled to a deferential standard of review; and (3) the Court is entitled to review whether Sanford is entitled to payment based on a de novo review.

37. CIGNA has waived all reasons for denying payment other than those already asserted by CIGNA.

38. Sanford is a participant or beneficiary for purposes of 29 U.S.C. § 1132 under the Plan by virtue of Sanford's entitlement to direct payment from CIGNA, and due to an assignment executed by TLB in favor of Sanford.

39. Sanford is entitled to payment of benefits under the Plan, to enforce its rights under the terms of the Plan, and to obtain other appropriate equitable relief under 29 U.S.C. § 1132.

40. Under the Plan, CIGNA is required to provide benefits to Sanford for the amount charged for medical care and services performed.

41. All of the medical bills at issue incurred by TLB are covered under the Plan and should be paid in full according to the terms of the Plan.

42. Sanford is entitled to recover benefits from the Plan in the amount of $43,979.34 under 29 U.S.C. § 1132(a)(1)(B).

43. CIGNA possesses benefits that rightfully belong to Sanford and Sanford seeks equitable relief, including, among other forms of relief, restitution, in the form of an order requiring CIGNA to deliver to Sanford all benefits owed to cover unpaid services provided to TLB pursuant to the Plan.

44. Sanford has previously sought the foregoing compensation by appealing to CIGNA through CIGNA's internal appeal review process and CIGNA's appeals procedure.

45. Sanford has exhausted all required appeals and administrative remedies.

46. It would be futile for Sanford to exhaust any additional appeals or administrative remedies.

47. Sanford is entitled to a judgment against CIGNA in an amount to be proven at trial as set forth in this Amended Complaint.

48. Sanford is entitled to recover its attorney's fees under 29 U.S.C. § 1132(g).

49. Sanford is entitled to prejudgment interest at the maximum rate allowed by law.

50. To the extent this insurance dispute is not governed by ERISA, Sanford asserts the following:

    a. CIGNA has a contractual obligation to provide all additional and unpaid benefits to Sanford for services Sanford provided to TLB.

    b. Sanford is a third-party beneficiary under the Plan.

    c. Sanford is an assignee of the benefits TLB is entitled to receive from CIGNA for services Sanford provided to TLB.

    d. CIGNA has breached its contract to provide additional benefits in the amount owed for all medical care and services provided by Sanford to TLB.

    e. CIGNA breached its duty to deal with TLB and Sanford in good faith and CIGNA is liable for punitive damages for its bad faith denial of benefits.

    f. CIGNA is liable for attorney's fees for its vexatious refusal to pay additional benefits under SDCL 58-12-3.

WHEREFORE, Sanford prays for the following relief:

    A. For a recovery of all benefits due to it under the Plan and the law;

    B. For a judgment in an amount to be proven at trial, but for no less than the unpaid balances for medical services and medical care Sanford provided to TLB totaling $30,470.67 on Count I and $43,979.34 on Count II;

    C. For attorney's fees, costs, and disbursements;

    D. For prejudgment interest; and

    E. For other relief that the Court finds just.

Dated at Sioux Falls, South Dakota, this 6th day of April, 2011.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

*[signature]*

Mitchell Peterson
206 West 14th Street
PO Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
Facsimile: (605) 335-3639
E-mail: map@dehs.com
*Attorneys for Plaintiff Sanford Medical Center*

## DEMAND FOR JURY TRIAL

To the extent permitted by law, Plaintiff demands a trial by jury on all issues of fact.

*[signature]*

Mitchell Peterson

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Plaintiff, hereby certifies that a true and correct copy of the foregoing "Amended Complaint" was served electronically through the Court's CM/ECF system upon:

Paul H. Linde
Schaffer Law Office, Prof. LLC
412 West 9th Street, Suite 1
Sioux Falls, SD 57104-3602
Telephone: (605) 274-6760
Facsimile: (605) 274-6764
paull@schafferlawoffice.com
*Attorneys for Defendant*

on this 6th day of April, 2011.

/s/ Mitchell Peterson
Mitchell Peterson