UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| SANFORD MEDICAL CENTER, | \* | CIV. 11-4006 |
| Plaintiff, | \* | |
| vs. | \* | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY d/b/a CIGNA and d/b/a CIGNA HEALTHCARE, and W.R. BERKLEY CORPORATION, | \* | **SECOND AMENDED COMPLAINT** |
| Defendants. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff Sanford Medical Center ("Sanford") states as its Second Amended Complaint against Defendant Connecticut General Life Insurance Company d/b/a CIGNA and d/b/a CIGNA HEALTHCARE ("CGLIC") and Defendant W.R. Berkley Corporation ("W.R. Berkley") (collectively "Defendants") the following:

**JURISDICTION AND VENUE**

1. Sanford is a South Dakota non-profit corporation with its principal place of business in Minnehaha County, South Dakota.

2. Defendants are foreign corporations which do business in South Dakota and which did business in South Dakota from which this civil action arises.

3. This case arises under the federal Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et seq.*, therefore, jurisdiction is proper under 28 U.S.C. § 1331.

4. Jurisdiction is also proper for Sanford's state law claims under 28 U.S.C. § 1367.

5. Venue is proper in this district, because Sanford resides in the Southern Division of the District of South Dakota and the events related to this case occurred in the Southern Division of the District of South Dakota.

6. The State of South Dakota has personal jurisdiction over Defendants, because Defendants: (a) transacted business in South Dakota from which this lawsuit arises; (b) contracted to insure persons within South Dakota; and (c) committed acts subjecting them to the jurisdiction of South Dakota in a manner not inconsistent with the Constitution of South Dakota or with the Constitution of the United States.

## COUNT I: AUGUST 2009 DISPUTE

7. Sanford incorporates by reference all allegations contained in its Second Amended Complaint.

8. On August 24, 2009, Sanford provided medical care and medical services to the patient with the initials TLB (group number ending in '7608, ID number ending in '6502, Service Request Number 1-3131959954, and Sanford account number ending in '0328).

9. TLB is an insured, participant, or beneficiary under a health insurance plan ("the Plan") issued by one or both Defendants.

10. Under the Plan, Defendants failed to pay the entire balance due for the services Sanford provided to TLB on August 24, 2009, related to the following: procedure code 22899, insertion of posterior spinous process distraction device (including necessary removal of bone or ligament for insertion and imaging guidance), lumbar; single level and procedure code C1821, interspinous process distraction device (implantable); the procedure and related device from the August 24, 2009, surgery has also been referred to as X-STOP Interspinous Process Decompression System.

11. Defendants' refusal to pay the entire balance due is not allowed under the terms of the Plan or the law, and their refusal to pay is a breach of the Plan and a violation of the law.

12. Defendants have acted arbitrarily, capriciously, and without justification in denying benefits to Sanford for the medical care and services Sanford provided to TLB.

13. Defendants' basis for denial, specifically that the medical procedure, device, or surgery at issue is "experimental/investigational/unproven," is not supported by the medical evidence, the plan documents, or the law.  Sanford submitted information (including medical bills, medical records, medical literature, information from the operating orthopedic surgeon, and other information) to Defendants in support of its claim.  To review the appropriateness of the orthopedic surgery, Defendants chose to have a family medicine doctor perform the review who is not qualified to contradict the information submitted by Sanford.  Defendants paid the direct physician charges associated with the surgery at issue, but denied payment of hospital charges to Sanford on the basis that the medical procedure, device, or surgery is "experimental/ investigational/unproven."  Defendants have no valid basis for denying benefits and their decision violates the Plan, the law, and is otherwise arbitrary, capricious, clearly erroneous, and unsupportable.

14. Defendants violated or failed to fulfill their disclosure obligations under 29 C.F.R. § 2560.503-1(g), therefore: (1) all administrative remedies are deemed exhausted; (2) Defendants' benefits determination is not entitled to a deferential standard of review; and (3) the Court is entitled to review whether Sanford is entitled to payment based on a de novo review.

15. Defendants have waived all reasons for denying payment other than those already asserted by Defendants.

16. Sanford is a participant or beneficiary for purposes of 29 U.S.C. § 1132 under the Plan by virtue of Sanford's entitlement to direct payment from Defendants, and due to an assignment executed by TLB in favor of Sanford.

17. Sanford is entitled to payment of benefits under the Plan, to enforce its rights under the terms of the Plan, and to obtain other appropriate equitable relief under 29 U.S.C. § 1132.

18. Under the Plan, Defendants are required to provide benefits to Sanford for the amount charged for medical care and services performed.

19. All of the medical bills at issue incurred by TLB are covered under the Plan and should be paid in full according to the terms of the Plan.

20. Sanford is entitled to recover benefits from the Plan in the amount of $30,470.67 under 29 U.S.C. § 1132(a)(1)(B).

21. Defendants possess benefits that rightfully belong to Sanford and Sanford seeks equitable relief, including, among other forms of relief, restitution, in the form of an order requiring Defendants to deliver to Sanford all benefits owed to cover unpaid services provided to TLB pursuant to the Plan.

22. Sanford has previously sought the foregoing compensation by appealing to Defendants through Defendants' internal appeal review process and Defendants appeals procedure.

23. Sanford has exhausted all required appeals and administrative remedies.

24. It would be futile for Sanford to exhaust any additional appeals or administrative remedies.

25. CGLIC is the agent of W.R. Berkley for purposes of the Plan and the claims from which this civil action arises.

26. W.R. Berkley is responsible for the acts and omissions of CGLIC for purposes of the Plan and the claims from which this civil action arises.

27. Sanford is entitled to a judgment against Defendants in an amount to be proven at trial as set forth in this Second Amended Complaint.

28. Sanford is entitled to recover its attorney's fees under 29 U.S.C. § 1132(g).

29. Sanford is entitled to prejudgment interest at the maximum rate allowed by law.

30. To the extent this insurance dispute is not governed by ERISA, Sanford asserts the following:

    a. Defendants have a contractual obligation to provide all additional and unpaid benefits to Sanford for services Sanford provided to TLB.

    b. Sanford is a third-party beneficiary under the Plan.

    c. Sanford is an assignee of the benefits TLB is entitled to receive from Defendants for services Sanford provided to TLB.

    d. Defendants have breached their contractual duty to provide additional benefits in the amount owed for all medical care and services provided by Sanford to TLB.

    e. Defendants breached their duty to deal with TLB and Sanford in good faith and Defendants are liable for punitive damages for their bad faith denial of benefits.

    f. Defendants are liable for attorney's fees for their vexatious refusal to pay additional benefits under SDCL 58-12-3.

## COUNT II: JUNE 2010 DISPUTE

31.     Sanford incorporates by reference all allegations contained in its Second Amended Complaint.

32.     From June 7, 2010, through June 24, 2010, Sanford provided medical care and medical services to the patient with the initials TLB (group number ending in '7608, ID number ending in '6502, and Sanford account number ending in '7998).

33.     TLB is an insured, participant, or beneficiary under a health insurance plan ("the Plan") issued by Defendants.

34.     Under the Plan, Defendants failed to pay the entire balance due for the services Sanford provided to TLB from June 7, 2010, through June 24, 2010.

35.     Defendants' refusal to pay the entire balance due is not allowed under the terms of the Plan or the law, and their refusal to pay is a breach of the Plan and a violation of the law.

36.     Defendants have acted arbitrarily, capriciously, and without justification in denying benefits to Sanford for the medical care and services Sanford provided to TLB.

37.     Defendants' basis for denial, specifically that Sanford's charges exceed usual, customary, and reasonable rates, is not supported by the medical evidence, the plan documents, or the law.  Sanford submitted information (including medical bills, medical records, medical literature, and other information) to Defendants in support of its claim.  Defendants have no valid basis for denying benefits and their decision violates the Plan, the law, and is otherwise arbitrary, capricious, clearly erroneous, and unsupportable.

38.     Defendants accessed Sanford through a preferred provider network.  Despite using the preferred provider network, Defendants failed to pay benefits at the level required by

the network rules and procedures, which is arbitrary, capricious, clearly erroneous, unreasonable, unlawful, and not supported by the Plan, the law, or network rules.

39.     Defendants violated or failed to fulfill their disclosure obligations under 29 C.F.R. § 2560.503-1(g), therefore: (1) all administrative remedies are deemed exhausted; (2) Defendants' benefits determination is not entitled to a deferential standard of review; and (3) the Court is entitled to review whether Sanford is entitled to payment based on a de novo review.

40.     Defendants have waived all reasons for denying payment other than those already asserted by Defendants.

41.     Sanford is a participant or beneficiary for purposes of 29 U.S.C. § 1132 under the Plan by virtue of Sanford's entitlement to direct payment from Defendants, and due to an assignment executed by TLB in favor of Sanford.

42.     Sanford is entitled to payment of benefits under the Plan, to enforce its rights under the terms of the Plan, and to obtain other appropriate equitable relief under 29 U.S.C. § 1132.

43.     Under the Plan, Defendants are required to provide benefits to Sanford for the amount charged for medical care and services performed.

44.     All of the medical bills at issue incurred by TLB are covered under the Plan and should be paid in full according to the terms of the Plan.

45.     Sanford is entitled to recover benefits from the Plan in the amount of $43,979.34 under 29 U.S.C. § 1132(a)(1)(B).

46.     CGLIC possesses benefits that rightfully belong to Sanford and Sanford seeks equitable relief, including, among other forms of relief, restitution, in the form of an order

requiring Defendants to deliver to Sanford all benefits owed to cover unpaid services provided to TLB pursuant to the Plan.

47. Sanford has previously sought the foregoing compensation by appealing to Defendants through Defendants' internal appeal review process and Defendants' appeals procedure.

48. Sanford has exhausted all required appeals and administrative remedies.

49. It would be futile for Sanford to exhaust any additional appeals or administrative remedies.

50. CGLIC is the agent of W.R. Berkley for purposes of the Plan and the claims from which this civil action arises.

51. W.R. Berkley is responsible for the acts and omissions of CGLIC for purposes of the Plan and the claims from which this civil action arises.

52. Sanford is entitled to a judgment against Defendants in an amount to be proven at trial as set forth in this Second Amended Complaint.

53. Sanford is entitled to recover its attorney's fees under 29 U.S.C. § 1132(g).

54. Sanford is entitled to prejudgment interest at the maximum rate allowed by law.

55. To the extent this insurance dispute is not governed by ERISA, Sanford asserts the following:

   a. Defendants have a contractual obligation to provide all additional and unpaid benefits to Sanford for services Sanford provided to TLB.

   b. Sanford is a third-party beneficiary under the Plan.

   c. Sanford is an assignee of the benefits TLB is entitled to receive from Defendants for services Sanford provided to TLB.

  d. Defendants have breached their contractual duty to provide additional benefits in the amount owed for all medical care and services provided by Sanford to TLB.

  e. Defendants breached their duty to deal with TLB and Sanford in good faith and Defendants are liable for punitive damages for their bad faith denial of benefits.

  f. Defendants are liable for attorney's fees for their vexatious refusal to pay additional benefits under SDCL 58-12-3.

## COUNT III: TORTIOUS INTERFERENCE

56. Sanford incorporates by reference all allegations contained in its Second Amended Complaint.

57. Based on information provided by CGLIC, the sponsor of and party responsible for paying benefits under the Plan is W.R. Berkley and W.R. Berkley hired CGLIC to provide third-party administrative services for the Plan and the claims at issue in this civil action.

58. W.R. Berkley hired CGLIC to review the medical bills from Sanford and to provide information or advice to W.R. Berkley regarding the reasonable and customary charges for the services provided by Sanford to W.R. Berkley's insured as well as other benefits determinations.

59. CGLIC in fact provided the services described in ¶ 58 of this Second Amended Complaint to W.R. Berkley.

60. W.R. Berkley denied benefits to its insured and Sanford based on the advice and information it received from CGLIC.

61. The information or advice that CGLIC provided to Sanford relates to the reasonable and customary charges for the services provided by Sanford to W.R. Berkley's insured as well as other benefits determinations.

62. CGLIC's information or advice related to reasonable and customary charges and other benefits determinations is arbitrary, capricious, not based in fact, erroneous, or otherwise unreliable.

63. CGLIC knew that the information or advice it provided to W.R. Berkley was arbitrary, capricious, not based in fact, erroneous, or otherwise unreliable.

64. CGLIC is in the business of providing arbitrarily low or deflated information and advice related to reasonable and customary charges and other benefits determinations that is arbitrary, capricious, not based in fact, erroneous, or otherwise unreliable.

65. CGLIC knew that W.R. Berkley would rely on the arbitrary, capricious, factually erroneous, illegitimate, or otherwise unreliable information and advice in making a decision whether to make payment, and in what amount to make payment, to Sanford for services Sanford provided to W.R. Berkley's insured.

66. There is a contractual or business relationship or expectancy between Sanford, W.R. Berkley, and W.R. Berkley's insured, whereby Sanford expected to be paid by W.R. Berkley under the Plan for the medical services Sanford provided to W.R. Berkley's insured.

67. CGLIC knew of the relationship or expectancy described above.

68. CGLIC's provision of knowingly arbitrary, capricious, false, erroneous, and unreliable information or advice to W.R. Berkley constitutes and intentional and unjustified act of interference.

69. W.R. Berkley in fact relied on CGLIC's information and advice and, as a consequence, Sanford received less payment from W.R. Berkley.

70. Sanford was damaged by CGLIC's tortious interference in an amount to be proven at trial.

71. CGLIC is liable for punitive damages under SDCL 21-3-2 for its oppression, fraud, malice, and willful and wanton misconduct.

WHEREFORE, Sanford prays for the following relief:

A. For a recovery of all benefits due to it under the Plan and the law;

B. For a judgment in an amount to be proven at trial, but for no less than the unpaid balances for medical services and medical care Sanford provided to TLB totaling $30,470.67 on Count I and $43,979.34 on Count II;

C. For attorney's fees, costs, and disbursements;

D. For prejudgment interest; and

E. For other relief that the Court finds just.

Dated at Sioux Falls, South Dakota, this 27th day of March, 2012.

> DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.
>
> */s/ Mitchell Peterson*_____
> Mitchell Peterson
> 206 West 14th Street
> PO Box 1030
> Sioux Falls, SD 57101-1030
> Telephone: (605) 336-2880
> Facsimile: (605) 335-3639
> E-mail: map@dehs.com
> *Attorneys for Plaintiff Sanford Medical Center*

## DEMAND FOR JURY TRIAL

To the extent permitted by law, Plaintiff demands a trial by jury on all issues of fact.

> */s/ Mitchell Peterson*_____
> Mitchell Peterson

11

**CERTIFICATE OF SERVICE**

      The undersigned, one of the attorneys for Plaintiff, hereby certifies that a true and correct copy of the foregoing "Second Amended Complaint" was served electronically through the Court's CM/ECF system upon:

>Paul H. Linde
>Schaffer Law Office, Prof. LLC
>412 West 9th Street, Suite 1
>Sioux Falls, SD  57104-3602
>Telephone: (605) 274-6760
>Facsimile: (605) 274-6764
>paull@schafferlawoffice.com
>
>Daniel K. Ryan
>Peter E. Pederson
>Hinshaw & Culbertson, LLP
>222 N. LaSalle Street, Suite 300
>Chicago, IL  55402-3000
>Telephone:  (312) 704-3000
>Facsimile:  (312) 704-3001
>dryan@hinshawlaw.com
>ppederson@hinshawlaw.com
>
>*Attorneys for Defendant CGLIC*

on this 27th day of March, 2012.

                                              */s/ Mitchell Peterson*_____
                                              Mitchell Peterson